### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**VINCENT SALVATO, as Personal
Representative of the Estate of Joshua
Salvato, for the benefit of Vincent
Salvato, surviving parent Ana Rodriquez,
surviving parent**

       **Plaintiff,**

**v.**                                 **Case No:5:12-CV-635-Oc-10PRL**

**LAUREN MILEY, NORMAN BROWN
and CHRIS BLAIR**

       **Defendants.**

_____

## ORDER

This matter is before the Court on Plaintiff's motion to compel Defendant Norman Brown's responses to discovery requests -- interrogatories and requests to produce.  (Doc. 27). Defendant Brown filed a response in opposition.  (Doc. 29).

### I.    *Background*

This action arises out an incident on July 6, 2012, during which the decedent, Joshua Salvato, died as result of a gunshot wound to the abdomen.  The decedent's father, Vincent Salvato, brought this action on behalf of himself as a surviving parent, the decedent's mother as a surviving parent, and his son's estate, asserting claims under 42 U.S.C. §1983 and the Florida wrongful death statute.  Plaintiff alleges that Deputy Lauren Miley and Deputy Norman Brown used excessive force during the incident and failed to provide medical treatment, thus causing the decedent's death.

## II.    Discussion

Plaintiff's Motion focuses on his First Set of Interrogatories (Doc. 27-1) and First Request for Production of Documents (Doc. 27-3) to Norman Brown.  Plaintiff asks the Court to overrule Brown's objections to the discovery requests and require him to fully respond to interrogatories numbered 10 through 14 and requests to produce numbered 1 through 4.  The following requests are at issue:

Interrogatory 10

Please identify every personal cell phone number and provider that you have had at any time from July 5, 2012-February 1, 2013.  For each account, please provide the cell phone number, the cell phone provider, the type of cell phone (e.g. – iPhone 3, iPhone 4, Galaxy S, etc), the dates of the account, and/or whether the account is still active.

Interrogatory 11

Please identify every personal e-mail address that you have had at any time from July 5, 2012-February 1, 2013.  For each account, please provide the e-mail address, the service provider, the dates of the account, and/or whether the account is still active.

Interrogatory 12

Please identify whether you had any social media accounts and/or profiles including, but not limited to, Facebook, Twitter, MySpace, you have had at any time from July 5, 2012-February 1, 2013.  For each account, please provide the name and/or username associated with the profile and/or social media account, the type of social media account (e.g. – Facebook, Twitter, etc.), the email address associated with the social media account, the dates you've maintained the account, and/or whether the account is still active.

Interrogatory 13

Please identify whether you are a member of any list-serves and/or message boards, and/or websites.  For each membership, please provide the name and/or username associated with the account, the URL and/or name of the list-serve and/or message board and/or website, the e-mail address associated with the account, the dates you've maintained the account, and whether that account is still active.

Interrogatory 14

Have you commented on any internet news article and/or any other internet article and/or blog, and/or website that relate in any way to the incident that is described in the Second Amended Complaint?  If so, please provide the URL for each website page that contains your comments.

Request No. 1

Please produce a copy of your personal cell phone(s) records, including any and all text-messages that were sent from July 5, 2012 – February 1, 2013, that relate in any way to the incident that is described in the Second Amended Complaint.  Please exclude any text-messages that were sent and/or received exclusively between yourself and your attorney.

Request No. 2

Please produce a copy of any and all e-mails sent and/or received by your personal e-mail address(es) between July 5, 2012- February 1, 2013, that relate in any way to the incident that is described in the Second Amended Complaint.  Please exclude any e-mails that were sent and/or receive exclusively between yourself and your attorney.

Request No. 3

Please produce a copy of any and all electronic communication either sent or received by you through social networking sites, including, but not limited to, Facebook, Twitter, and/or MySpace, between July 5, 2012 – February 1, 2013, that relate in any way to the incident that is described in the Second Amended Complaint.  Please exclude any electronic communications that were sent and/or received exclusively between yourself and your attorney.

Request No. 4

Please produce a copy of any and all comments that were made by you on any website, news article, message board, social networking website, that relate in any way to the incident that is described in the Second Amended Complaint.

Brown raises the same basic objections as to all of the discovery requests.  He argues that

the requests seek confidential information protected by §119.071(4), Fla. Stat.; they seek

irrelevant and immaterial information that is not reasonably calculated to lead to admissible

information and constitutes a fishing expedition; they are overbroad with respect to time and scope and the effect of the requests is annoyance, embarrassment and oppression; and the requests invade his right to privacy under Article I, Section 23 of the Florida Constitution.

Without addressing the challenges under §119.071(4), Fla. Stat. or the Florida Constitution, the undersigned concludes that Plaintiff has failed to make a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence.

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed.R.Civ.P. 26(b)(1).  The party seeking discovery has the threshold burden of showing that the requested discovery is relevant.  *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).  Relevant information need not be admissible at trial; rather, discovery must be "*reasonably calculated* to lead to the discovery of admissible evidence." *Id.* (emphasis added.)

Here, Plaintiff simply contends that the requests are relevant because, "Plaintiff is seeking information about statements that Defendant Brown made about the incident at issue in this case, which could include admissions against interest, and could certainly lead to the discovery of admissible evidence."  (Doc. 27 at 7).  The mere hope that Brown's private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not a sufficient reason to require Brown to provide Plaintiff open access to his private communications with third parties.  Indeed, Plaintiff has "essentially sought permission to conduct 'a fishing expedition' . . . on the mere hope of finding relevant evidence." *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388 (E.D.Mich. Jan. 18, 2012)(quoting *McCann v. Harleysville Ins. Co. of New York*, 78 A.D.3d 1524, 1524 (N.Y. App. Div. 2010)).  A party

"does not have a generalized right to rummage at will through information that Plaintiff has limited from public view."  *Id.*

Accordingly, based on Plaintiff's very limited showing as to the relevance of the requested discovery and the broadly drafted discovery requests, Plaintiff's motion to compel (Doc. 27) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 11, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties